Wheeler, J.
The 6th section of the act under which the plaintiff claims (Hart. Dig., art. 2135) authorizes the claimant to have his land surveyed without a certificate; but the 2d section requires of the claimant to have the laud “covered with a valid certificate ” within three years from the passage of the act, or within three years from the commencement of his settlement. (III., art. 2131.) At the time of the trial more than three years had elapsed from the passage of the act and the making of the settlement and survey under which the plaintiff claimed; and there was no evidence that he had appropriated the laud by a certificate, as the law required. It was his right fo be protected in his possession until the expiration of three years, but to entitle him to further protection he must have appropriated the land by a valid certificate. Proof of such appropriation was necessary fo authorize the judgment rendered in this ease; not having been made, the judgment cannot bo sustained.
There was neither averment nor proof that the certificate under which the defendants claimed had been recommended as genuine. It consequently interposed no legal obstacle to the plaintiff’s claim. But to entitle the latter to a judgment awarding a perpetual injunction against the defendants, it devolved on him to show that he had acquired a right to the land by a compliance with the requirements of the law. As the case is presented by the record it does not appear that either party had any right whatever subsisting at the time of the rendition of the judgment.
Tlie judgment is manifestly erroneous and must be reversed; but as the parties may have rights, the case will be remanded to afford them an opportunity so to present them upon the record as that they may be adjudicated.
Reversed and remanded.